UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9830 CAS (MANx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION, INC V. TOBY DOUGLAS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JAENG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(IN CHAMBERS:) DEFENDANT'S EX PARTE APPLICATION FOR CLARIFICATION AND/OR MODIFICATION OF INJUNCTION AND REQUEST FOR STAY** (Filed 02/06/12)

## I.   INTRODUCTION

On January 10, 2012, the Court issued an order granting preliminary injunction. That order stated, in pertinent part:

> Defendant Toby Douglas, Director of the California Department of Health Care Services, his employees, his agents, and others acting in concert with him shall be, and hereby are, enjoined and restrained from violating federal law by implementing or otherwise applying the reduction on Medi-Cal reimbursement for non-emergency medical transportation services on or after June 1, 2011, pursuant to Assembly Bill 97 enacted by the California Legislature in March 2011, as codified at California Welfare and Institutions Code § 14105.192, or to any other degree reducing current Medi-Cal rates for NEMT services.

Dkt. No. 42 at 21–22.

The Director filed the instant ex parte application for clarification and/or modification of injunction and request for stay on February 6, 2012. Plaintiffs opposed the application on February 8, 2012. After considering the parties' argument, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9830 CAS (MANx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION, INC V. TOBY DOUGLAS, ET AL. | | |

**II.   DISCUSSION**

   **A.   The Director's Application for Clarification and/or Modification of the Injunction.**

   The Director argues that the injunction as presently constituted is overbroad because it is not limited to rate reductions pursuant to AB 97, which is the sole legislation cited in plaintiffs' complaint and challenged through this lawsuit.  According to the Director, the injunction improperly includes language that could be construed as preventing the Director from reducing rates on another basis that may otherwise be permitted by law.  Memorandum in Support of Ex Parte Application at 5.

   In opposition, plaintiffs argue that it was improper for the Director to proceed on an ex parte basis.  Additionally, plaintiffs contend that the Director's ex parte application violates Federal Rule of Civil Procedure 59, the Court's Local Rules, and applicable case law.  Opp'n at 1–2.  Plaintiffs next argue that the relief granted in the preliminary injunction was prayed for in the complaint and sought in the preliminary injunction.  Id. at 4–5.  Finally, plaintiffs maintain that the Director's Ex Parte application is disingenuous because it is designed to permit the Director to institute rate reductions without first seeking relief from the Court.  Id. at 5–6.

   The Court finds that the preliminary injunction issued on January 10, 2012, should be modified to exclude the language: "or to any other degree reducing current Medi-Cal rates for NEMT services."  In reaching this conclusion, the Court rejects plaintiffs' contention that the Director is effectively seeking a reconsideration of the Court's order granting a preliminary injunction.  Instead, the Director merely seeks modification of the order concerning an issue not previously argued by the parties.  As to the merits of the Director's application, the Court believes that the preliminary injunction as presently constituted is indeed overbroad.  Although the Director could seek to implement a rate reduction in another manner that is also inconsistent with the Medicaid Act or otherwise in violation of federal law, such a possibility does not satisfy Article III's requirement that a case or controversy be ripe for judicial review.  If and when the Director announces plans to reduce Medi-Cal reimbursement for Non-Emergency Medical Transportation services, plaintiffs are free to bring suit to block such implementation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9830 CAS (MANx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION, INC V. TOBY DOUGLAS, ET AL. | | |

### B. The Director's Application for a Stay

The Director requests that the Court stay its injunction during the pendency of an appeal of this matter. According to the Director, a stay is appropriate because "serious questions" exist that go to the viability of plaintiffs' Supremacy Clause claim against the Director and because the State's fiscal situation has deteriorated since the Court issued its injunction. Memorandum in Support of Ex Parte Application at 6–8.

The Court finds that a stay of its injunction is inappropriate at this time. In deciding whether to issue a stay pending appeal, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." See Golden Gate Rest. Ass'n v. City & County of S.F., 512 F.3d 1112, 1115 (9th Cir. 2008) (citations omitted). The Court finds that the relevant factors do not weigh in favor of granting the Director's motion. Most importantly, although the Court is cognizant of the State's continuing fiscal difficulties, there is no evidence that the Director will suffer irreparable injury absent a stay. By contrast, the issuance of a stay would substantially injure plaintiffs because providers would continue to lose considerable revenue that cannot be recouped and because Medi-cal beneficiaries would suffer from reduced access to services. Accordingly, the Court denies the Director's request for a stay pending appeal.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS the Director's ex parte application for clarification and/or modification of the Court's January 10, 2012 injunction order. The Court DENIES the Director's ex parte application for a stay pending appeal.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |