UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9830 CAS (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**   (In Chambers:) PLAINTIFFS' MOTION FOR CONTEMPT
(filed 02/27/12)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 26, 2012, is hereby vacated, and the matter is taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On November 29, 2011, plaintiff California Medical Transportation Association, Inc. ("CMTA") filed the instant action against Toby Douglas, Director of the California Department of Health Care Services (the "Director") and Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services (the "Secretary"). Plaintiffs filed their First Amended Complaint ("FAC") on December 29, 2011. The FAC adds GMD Transportation, Inc. and Lonny Slocum as plaintiffs.

The California Department of Health Care Services ("DHCS") is a California agency charged with the administration of California's Medicaid program, Medi-Cal. The Secretary is responsible for administering the Medicaid program at the federal level. Through her designated agent, the Centers for Medicare and Medicaid Services ("CMS"), the Secretary is responsible for reviewing and approving policy changes that states make to their Medicaid programs.

Plaintiff CMTA is a trade association representing the interests of non-emergency medical transportation ("NEMT") providers in the State of California. Plaintiff GMD Transportation, Inc. ("GMD") is an NEMT provider participating in the Medi-Cal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9830 CAS (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

program, providing approximately 2,500 NEMT rides per month. Plaintiff Lonny Slocum ("Slocum") is a Medi-Cal beneficiary with significant health difficulties including high blood pressure, congestive heart failure, kidney failure, and chronic obstructive pulmonary disease. Slocum requires dialysis three times per week and is confined to a wheel chair. He uses NEMT services to get to his treatments.

On March 25, 2011, California Governor Edmund G. Brown Jr. signed into law Assembly Bill 97 ("AB 97"), the health budget trailer bill for California fiscal year 2011–2012. AB 97 enacted significant payment reductions for many classes of services provided under the Medi-Cal program. Most significantly for the purposes of the instant action, AB 97 enacted California Welfare and Institutions Code § 14105.192, which authorizes the Director to reduce the Medi-Cal payment rates for various services, including NEMT, effective June 1, 2011. Pursuant to Welfare and Institutions Code § 14105.192(n), the Director is required to seek any federal approvals necessary prior to implementing the rate reduction.

DHCS submitted proposed State Plan Amendment ("SPA") 11-009 to CMS on June 30, 2011, seeking federal approval of the rate reduction and incorporation of that reduction into California's Medi-Cal State Plan. On September 27, 2011, CMS issued a letter to DHCS requesting additional information concerning the proposed rate reduction. This Request for Additional Information ("RAI") focused on the impact of the rate reduction on access to services. DHCS responded with an "Access Analysis" and a plan for monitoring access. On October 27, 2011, in a letter from the Associate Regional Administrator of the Division of Medicaid & Children's Health Operations, CMS provided notice to the Director and DHCS that it had approved the SPA.

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9830 CAS (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

Plaintiffs allege that CMS's approval of the SPA was in violation of 42 U.S.C. § 1396a(a)(30)(A) ("Section 30(A)"),[1] the Supremacy Clause,[2] and the Due Process Clause of the 14th Amendment to the U.S. Constitution.[3] FAC ¶ 42. Plaintiffs further allege that the Secretary's approval of the SPA violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. because the Secretary failed to consider certain factors including the impact of the rate reduction on access to and quality of NEMT services. Id. ¶ 47.

On January 10, 2012, the Court issued an order granting a preliminary injunction. That order stated, in pertinent part:

> Defendant Toby Douglas, Director of the California Department of Health Care Services, his employees, his agents, and others acting in concert with him shall be, and hereby are, enjoined and restrained from violating federal law by implementing or otherwise applying the reduction on Medi-Cal reimbursement for non-emergency medical transportation services on or after June 1, 2011, pursuant to Assembly Bill 97 enacted by the California Legislature in March 2011, as codified at California Welfare and Institutions Code § 14105.192.

Dkt. No. 42 at 21–22.

---

[1] Section 30(A) states in pertinent part that a State plan for medical assistance must:

> provide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan . . . to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area.

[2] U.S. Const. art. VI, cl. 2.

[3] U.S. Const. amend. XIV.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9830 CAS (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

At oral argument in the related case California Medical Association v. Douglas, No. CV 11-9688 CAS (MANx), the Director argued that the Court cannot enjoin the implementation of the challenged rate reduction for services rendered between June 1, 2011 and the date of the Court's order because such an injunction would violate California's Eleventh Amendment immunity. The Court found this argument persuasive, holding:

> Insofar as the Director has not yet reimbursed providers for services rendered between June 1, 2011, and the date of this order, the Court finds and concludes that an injunction restraining the implementation of the rate reduction would be contrary to the State's Eleventh Amendment immunity. In this respect, the Court is guided by the Ninth Circuit's explanation that "whether relief is prospective or retrospective in the Medicaid payment context turns on the date of service, not the date of payment." ILC II, 572 F.3d at 661 n.19. Under this definition, an injunction precluding the Director from reducing payments for services already rendered would constitute a retrospective award of damages in violation of the Eleventh Amendment.

On January 31, 2012, the Court ordered plaintiffs to show cause why the preliminary injunction should not be modified to exclude reimbursements not yet paid by the Director for services provided between June 1, 2011, and January 10, 2012. On March 8, 2012, the Court modified its preliminary injunction in this case to exclude coverage of services rendered between June 1, 2011, and January 10, 2012.

Plaintiffs filed the instant motion for contempt against Toby Douglas on February 27, 2012. The Director filed his opposition on March 12, 2012. Plaintiffs replied on March 19, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

Plaintiffs argue that the Director is in contempt of the Court's preliminary injunction order because DHCS improperly applied the rate reduction to three checkwrites that occurred on January 10, 17, and 24, 2012. Mot. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9830 CAS (MANx) | Date | March 21, 2012 |
|---|---|---|---|
| Title | CALIFORNIA MEDICAL TRANSPORTATION ASSOCIATION; ET AL. v. TOBY DOUGLAS; ET AL. | | |

In opposition, the Director argues, *inter alia*, that he should not be held in contempt because the checkwrites at issue concerned services rendered between June 1, 2011 and January 10, 2012. Because the Court modified its injunction to exclude coverage of such services, the Director argues that his application of the rate reduction to those checkwrites did not violate the Court's injunction. Opp'n at 10–11.

The Court agrees with the Director that he should not be held in contempt. Based on the Court's modification of the January 10, 2012 injunction to exclude coverage of services provided between June 1, 2011 and January 10, 2012 for which reimbursements were not yet paid, the Director's application of the rate reduction to the checkwrites at issue was not in violation of the Court's injunction.

### III. Conclusion

In accordance with the foregoing, the Court DENIES plaintiffs' motion for contempt.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |